## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DAVID McCLEBB** | **CIVIL ACTION** |
| **VERSUS** | **NO. 11-3044** |
| **SHERIFF MARLIN GUSMAN, ORLEANS PARISH PRISON STAFF** | **SECTION "I"(4)** |

### REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to **28 U.S.C. § 636(b)(1)(B) and (C), § 1915(e)(2), and § 1915A**, and as applicable, **42 U.S.C. § 1997e(c)(1) and (2)**. Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing.

### I. Factual Background

The plaintiff, David McClebb ("McClebb"), is an inmate currently incarcerated in the House of Detention ("HOD") within the Orleans Parish prison system.[1] He filed this *pro se* and *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983 against Orleans Parish Sheriff Marlin Gusman and the OPP Staff seeking injunctive relief and monetary damages.

---

[1] Rec. Doc. No. 1.

McClebb alleges that the prison is overcrowded, and the prison officials place 13 to 14 inmates in the ten-man cells. He alleges that when state health inspectors visit the prison, inmates are hidden in the boiler rooms and basement areas so the overcrowding is not discovered.[2]

He also complains that the prison does not provide roll-in kits, which should provide each inmate with a blanket, two towels, a cup, toothpaste, a toothbrush, soap, and a roll of tissue.[3] He also alleges that the prison does not provide enough mattresses for every inmate which results in some inmates having to sleep on the floor.[4]

He further alleges that the building is or should be condemned, because of the mold and mildew in the shower, which can cause staff infections. He further indicates that the inmates are not provided with cleaning supplies to clean the tiers and living areas, which also results in failed tier inspections.

He also complains that the inmates are not given ice to have cold drinking water during the day, even in the hot months. He also claims that the inmates are not taken for outdoor recreation, and there is no space for walking or exercise.

As a result of these conditions of his confinement, he seeks injunctive relief for the prison staff to correct the listed problems and monetary damages. McClebb alleges on the form complaint that he exhausted administrative remedies at the prison.

---

[2] Rec. Doc. No. 1, p. 5.

[3] *Id.*

[4] *Id.*

## II. Standards of a Review for Frivolousness

Title 28 U.S.C. §§ 1915A and 42 U.S.C. §§ 1997e(c) require the Court to *sua sponte* dismiss cases filed by prisoners proceeding *in forma pauperis* upon a determination that they are frivolous. The Court has broad discretion in determining the frivolous nature of the complaint. *See Cay v. Estelle*, 789 F.2d 318 (5th Cir. 1986), *modified on other grounds*, *Booker v. Koonce*, 2 F.3d 114 (5th Cir. 1993). However, the Court may not *sua sponte* dismiss an action merely because of questionable legal theories or unlikely factual allegations in the complaint.

Under this statute, a claim is frivolous only when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998). A claim lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist. *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999). It lacks an arguable factual basis only if the facts alleged are "clearly baseless," a category encompassing fanciful, fantastic, and delusional allegations. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992); *Neitzke*, 490 U.S. at 327-28. Therefore, the Court must determine whether the plaintiff's claims are based on an indisputably meritless legal theory or clearly baseless factual allegations. *Reeves v. Collins*, 27 F.3d 174, 176 (5th Cir. 1994); *see Jackson v. Vannoy*, 49 F.3d 175, 176-77 (5th Cir. 1995); *Moore v. Mabus*, 976 F.2d 268, 269 (5th Cir. 1992).

## III. Analysis

### A. OPP Staff not a Proper Defendant

As an initial matter, § 1983 provides a federal cause of action against any <u>person</u>, who, acting under color of state law, deprives another of his constitutional rights. 42 U.S.C. § 1983; *see Will*

*v. Mich. Dep't of St. Police*, 491 U.S. 58 (1989). A plaintiff must identify both the constitutional violation and the responsible person acting under color of state law. *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 156 (1978); *Polk Country v. Dodson*, 454 U.S. 312 (1981).

McClebb here has named the OPP Staff as one defendant. He has not identified any particular member of the OPP Staff as a person to be held accountable in this instance. However, a prison and its administrative departments are not entities that can be sued under § 1983, because they are not juridical entities under state law capable of being sued and therefore are not "persons" for purposes of suit under § 1983, as the statute and case law define that term. *Cage v. Kent County Corr. Facility*, 113 F.3d 1234, 1997 WL 225647, at *1 (6th Cir. 1997); *Johnson v. LCDC Med. Staff*, No. 09cv13, 2009 WL 1256906, at *2 (E.D. Tenn. Apr. 29, 2009) (suit against medical staff dismissed because "the Medical Staff is not a suable entity under § 1983"); *Holifield v. Mobile County Sheriff's Dep't*, No. 07-0321-CG-C, 2008 WL 2246961, at *5 (S.D. Ala. May 29, 2008) (suit dismissed because the prison medical care unit "does not appear to be a distinct legal entity that is subject to suit"); *Cullen v. DuPage County*, No. 99C1296, 1999 WL 1212570, *1 (N.D. Ill. Dec. 14, 1999); *Whitley v. Westchester County Corr. Facility Admin.*, No. 97CIV0420(SS), 1997 WL 659100, at *6 (S.D.N.Y. Oct. 22, 1997); *Sponsler v. Berks County Prison*, No. 95–1136, 1995 WL 92370, at *1 (E.D. Pa. Feb. 28,1995); *Powell v. Cook County Jail*, 814 F. Supp. 757, 758 (N.D. Ill.1993).

Thus, McClebb cannot assert a claim against the OPP Staff under § 1983 and the claims against that defendants should be dismissed as frivolous. *Carter v. Strain*, No. 09-3401, 2009 WL 2390808, at *3 (E.D. La. July 31, 2009); *August v. Gusman*, No. 06-3962, 2008 WL 466202, at *7 (E.D. La. Feb. 13, 2008); *Staritz v. Valdez*, No. 06-CV-1926, 2007 WL 1498285, at *2 (N.D. Tex.

May 21, 2007); *Banks v. United States*, No. 05-6853, 2007 WL 1030326, at *11 (E.D. La. Mar. 28, 2007).

**B.     Sheriff Gusman**

A supervisory official, like Sheriff Gusman, cannot be held liable pursuant to § 1983 under any theory of *respondeat superior* simply because an employee or subordinate at the prison allegedly violated the plaintiff's constitutional rights. *See Alton v. Tex. A&M Univ.*, 168 F.3d 196, 200 (5th Cir. 1999); *see also Baskin v. Parker*, 602 F.2d 1205, 1220 (5th Cir. 1979). The Sheriff may only be liable under § 1983 if he "was personally involved in the acts causing the deprivation of his constitutional rights or a causal connection exists between an act of the official and the alleged constitutional violation." *Douthit v. Jones*, 641 F.2d 345, 346 (5th Cir. 1981); *Smith v. Brenoettsy*, 158 F.3d 908, 911 (5th Cir. 1998) (citing *Sims v. Adams*, 537 F.2d 829, 831 (5th Cir. 1976)); *see also Watson v. Interstate Fire & Cas. Co.*, 611 F.2d 120 (5th Cir. 1980). This personal involvement also must include a showing of deliberate indifference as set forth above.

McClebb does not allege that Sheriff Gusman was present for, or personally involved in, the alleged concerns he has about the jail or in the failure to provide the listed items and supplies. McClebb also has not alleged that he has suffered any injury as a result of any directive, supervised training or activity, or other policy set forth by the Sheriff which would create vicarious liability. *See Thompson v. Upshur County*, 245 F.3d 447, 459 (5th Cir. 1991); *Johnson v. Moore*, 958 F.2d 92, 94 (5th Cir. 1992); *see also City of St. Louis v. Praprotnik*, 485 U.S. 112, 124-25 (1988); *Bennett v. Pippin*, 74 F.3d 578, 586 (5th Cir. 1996).

Instead, McClebb appears to have named Sheriff Gusman simply, because he is the parish sheriff. Thus, McClebb's claims against Sheriff Gusman are frivolous and otherwise fail to state a claim for which relief can be granted pursuant to § 1915(e), § 1915A, and § 1997e.

Nevertheless, even if McClebb could state a basis for liability against Sheriff Gusman or identify a particular person who could be held liable under § 1983, his conditions of confinement claims are still frivolous for the following reasons.

### C. General Conditions of Confinement

McClebb complains that the living conditions in HOD are unsanitary and overcrowded. "Prison conditions constitute cruel and unusual punishment if they involve the 'wanton and unnecessary infliction of pain [or if they are] grossly disproportionate to the severity of the crime warranting imprisonment.'" *Hamilton v. Lyons*, 74 F.3d 99, 103-04 (5th Cir. 1996) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)); *see also Estelle v. Gamble*, 429 U.S. 97, 103 (1976); *Hutto v. Finney*, 437 U.S. 678, 687 (1978).

Like other Eighth Amendment claims, a conditions of confinement claim must satisfy tests for both objective and subjective components. *Davis v. Scott*, 157 F.3d 1003, 1006 (5th Cir. 1998) (citing *Hudson v. McMillian*, 503 U.S. 1, 8 (1992)); *accord Wilson v. Seiter*, 501 U.S. 294, 298-99 (1991); *Downey v. Denton County*, 119 F.3d 381, 385-86 (5th Cir. 1997). To succeed on a claim of unconstitutional conditions of confinement, this Court "must ask if 'the officials act[ed] with a sufficiently culpable state of mind' and if the alleged wrongdoing was objectively 'harmful enough' to establish a Constitutional violation." *Hudson*, 503 U.S. at 8 (quoting *Wilson*, 501 U.S. at 298, 303). If the Court finds that either the subjective or objective component of the test is not met, it need not address the other component. *Davis*, 157 F.3d at 1006.

With respect to the objective component, the Supreme Court in *Wilson* noted that routine discomfort is part of the penalty that convicted prisoners pay for having committed crimes. Therefore, "only those deprivations denying 'the minimal civilized measure of life's necessities' are sufficiently grave to form the basis of an Eighth Amendment violation." *Wilson*, 501 U.S. at 298 (quoting *Rhodes*, 452 U.S. at 347). "[E]xtreme deprivations are required to make out a conditions-of-confinement claim." *Hudson*, 503 U.S. at 9.

With respect to the subjective component of the test, the Supreme Court has applied a deliberate indifference standard. *Wilson*, 501 U.S. at 303. "Deliberate indifference" means that a prison official is liable "only if he knows that the inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer v. Brennan*, 511 U.S. 825, 847 (1994).

> To establish deliberate indifference in the context of the Eighth Amendment, the prisoner must show that the defendants (1) were aware of facts from which an inference of an excessive risk to the prisoner's health or safety could be drawn and (2) that they actually drew an inference that such potential for harm existed.

*Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998) (citing *Farmer*, 511 U.S. at 837). "Under exceptional circumstances, a prison official's knowledge of a substantial risk of harm may be inferred by the obviousness of a substantial risk." *Id.* (citing *Farmer*, 511 U.S. at 842 n.8).

> The Supreme Court has recently reaffirmed that "deliberate indifference" is a <u>stringent</u> standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action. . . . The "deliberate indifference" standard permits courts to separate omissions that "amount to an intentional choice" from those that are merely "unintentionally negligent oversight[s]."

*Southard v. Tex. Bd. of Criminal Justice*, 114 F.3d 539, 551 (5th Cir. 1997) (citing *Bd. of County Comm'rs v. Brown*, 520 U.S. 397 (1997)) (citations omitted) (emphasis added).

### 1.     Unsanitary Living Conditions

McClebb complains that the living conditions of the facility were substandard. The conditions described by the plaintiff, while plainly not comfortable or pleasant, do not rise to a level of seriousness constituting a constitutional violation. He does not allege a serious harm or risk of serious harm in the constitutional sense, and the court can perceive none under the circumstances described in the plaintiff's claims. Short term sanitation problems alone, although admittedly unpleasant, do not amount to constitutional violations. *Whitnack v. Douglas County*, 16 F.3d 954, 958 (8th Cir. 1994); *Knop v. Johnson*, 977 F.2d 996, 1013 (6th Cir. 1992); *Robinson v. Illinois State Corr. Ctr.*, 890 F. Supp. 715, 720 (N.D. Ill. 1995). "[J]ails must provide only reasonably adequate hygiene and sanitation conditions." *Burton v. Cameron County*, 884 F. Supp. 234, 241 (S.D. Tex.1995) (citing *Green v. Ferrell*, 801 F.2d 765, 771 (5th Cir.1986)); *accord Benshoof v. Layton*, No. 09-6044, 2009 WL 3438004, at *4 (10th Cir. Oct. 27, 2009); *Gates v. Cook*, 376 F.3d 323, 342 (5th Cir. 2004).

None of McClebb's allegations about the conditions at HOD establish constitutional violations. *See Davis*, 157 F.3d at 1006 (no constitutional injury when plaintiff was confined in "filthy" cell for three days) (citing *Smith v. Copeland*, 87 F.3d 265, 269 (8th Cir. 1996) (no Eighth Amendment violation when prisoner was exposed for four days to raw sewage from overflowed toilet in his cell)); *Causey v. Allison*, No. 08CV155-RHW, 2008 WL 4191746, at *1 (S.D. Miss. Sept. 9, 2008) (no Eighth Amendment violation where prisoner claimed black mold was growing in the shower but "admits that he has had no medical problems resulting from the black mold"); *McIntyre v. Phillips*, No. 07-527, 2007 WL 2986470, at *2-4 (W.D. Mich. Sept. 10, 2007); *Eady v. Head*, No. CIVASA04CA0648 NN, 2006 WL 2663776, at *3 (W.D. Tex. Sept. 15, 2006) ("Going

without a shower and being exposed to the foul smell of a backed-up shower for two days on two separate occasions does not show deliberate indifference to Plaintiff's basic human needs or constitute cruel and unusual punishment in violation of the Eighth Amendment.").

Serving time in prison "is not a guarantee that one will be safe from life's occasional inconveniences." *Holloway v. Gunnell*, 685 F.2d 150, 156 (5th Cir. 1982). Courts have repeatedly held "that the Constitution does not mandate prisons with comfortable surroundings or commodious conditions." *Talib*, 138 F.3d at 215 (citing *Rhodes*, 452 U.S. at 349); *accord Hernandez v. Velasquez*, 522 F.3d 556, 560 (5th Cir. 2008). McClebb does not allege that he has suffered any injury, other than inconvenience, as a result of the conditions of his tier at the HOD.

For the foregoing reasons, McClebb's complaint about the conditions of his confinement falls short of stating a constitutional violation, and this claim must also be dismissed as frivolous pursuant to § 1915, § 1915(e), § 1915A, and § 1997e.

### 2. **Insufficient Supply of Bedding**

McClebb also alleges that some of the inmates do not have mattresses or blankets to sleep on at HOD. He does not allege that he himself is without a mattress or blanket. Nevertheless, even if he intended to do so, he has not alleged a substantial risk of serious harm from the lack of a bed or mattress.

The provision of bedding is within those matters committed to prison administrators' sound discretion. *Kot v. Matty*, No. 90-7644, 1991 WL 246906, at *2 (E.D. Pa. Nov. 15, 1991), *aff'd*, 980 F.2d 723 (3rd Cir. 1992). The federal courts have repeatedly held that the deprivation of bedding for a limited period of time is not per se unconstitutional. *See Grissom v. Davis*, No. 02-1916, 2003 WL 343248, at *2 (6th Cir. Feb. 12, 2003) (seven days without mattress, sheets or blanket was not

9

a deprivation of basic human needs and did not cause plaintiff to suffer serious harm); *O'Leary v. Iowa State Men's Reformatory*, 79 F.3d 82, 84 (8th Cir. 1996) (sleeping without mattress or blanket for four days on a concrete slab in cell located ten feet from exterior door during winter did not deny plaintiff the minimal civilized measures of life's necessities); *Seltzer-Bey v. Delo*, 66 F.3d 961, 964 (8th Cir. 1995) (placement in strip cell without clothes, running water, mattress or blanket for two days was not unconstitutional when there was no evidence that inmate suffered any injury or adverse health consequences or that jail officials knew of and disregarded an excessive risk to his health and safety); *Williams v. Delo*, 49 F.3d 442, 445 (8th Cir. 1995) (placement in strip cell without clothes, running water, mattress, pillow, sheets or blanket for four days, when plaintiff sought no treatment for any resulting medical condition or injury, was not unconstitutional).

McClebb alleges no serious harm or risk of serious harm, and the court can perceive none under the circumstances described by plaintiff arising from the lack of a mattress or other bedding. *Carter v. Strain*, No. 09-15, 2009 WL 3231826, at *3 (E.D. La. Oct. 1, 2009) (citing *McAllister v. Strain*, No. 08-5174, 2009 WL 500560, at *2-3 (E.D. La. Feb. 25, 2009); *Desroche v. Strain*, 507 F. Supp.2d 571, 580-81 (E.D. La. 2007). The Court reiterates that McClebb does not allege that he was actually denied a mattress.

His claim as alleged is frivolous and fails to state a claim upon which relief can be granted under § 1983. It must be dismissed pursuant to § 1915(e), § 1915A, and § 1997e.

### 3. Insufficient Exercise/Recreation Opportunities

McClebb also alleges that the inmates are not provided with adequate and consistent opportunities for outdoor exercise or recreation. This complaint also is frivolous and fails to state a claim.

Inmates have no protected liberty interest in specific recreational opportunities and the "[d]eprivation of exercise is not a per se constitutional violation." *Lewis v. Smith*, 277 F.3d 1373, No. 00-31371, 2001 WL 1485821, at *1 (5th Cir. Nov. 13, 2001) (Table, Text in Westlaw) (citing *Stewart v. Winter*, 669 F.2d 328, 336 n.19 (5th Cir. 1982); *Miller v. Carson*, 563 F.2d 741, 751 n.12 (5th Cir.1977)); *accord Sampson v. Corr. Corp. of Am.*, No. 08-CV-0915, 2009 WL 837640, at *16 (W.D. La. Mar. 26, 2009) (citing *Smith v. Boyd*, 945 F.2d 1041, 1043 (8th Cir. 1991); *Beck v. Lynaugh*, 842 F.2d 759, 762 (5th Cir. 1988); *Lato v. Attorney Gen.*, 773 F. Supp. 973, 978 (W.D. Tex. 1991)). "[W]hat is constitutionally required, however, is that [the prisoner] not be confined for long periods without the opportunity for regular physical exercise." *Lewis*, 2001 WL 1485821, at *1 (citing *Ruiz v. Estelle*, 679 F.2d 1115, 1152 (5th Cir. 1982), *amended in part*, *vacated in part on other grounds*, 688 F.2d 266 (5th Cir. 1982)).

Thus, to succeed on a claim under § 1983 for lack of exercise, a prisoner must set forth facts sufficient to "support the existence of any health hazard under the specific circumstances involved." *Ruiz*, 679 F .2d at 1152; *accord Delaney v. DeTella*, 256 F.3d 679, 684 (7th Cir. 2001); *Ordaz v. Lynaugh*, 20 F.3d 1171, No. 93-4290, 1994 WL 144882, at *4 (5th Cir. Apr. 15, 1994) (Table, Text in Westlaw); *Green*, 801 F.2d at 771. The plaintiff must also allege an actual injury caused by defendant's acts. *See Brock v. Sparkman*, 101 Fed. Appx. 430, 431 (5th Cir. 2004) (citing *Memphis Cmty. Sch. Dist. v. Stachura*, 477 U.S. 299, 307 (1986)) (prisoner who had bumps and bruises from repeatedly hitting his head on bunk bed had no cognizable injury); *Jackson v. Culbertson*, 984 F.2d 699, 700 (5th Cir. 1993) (excessive force claim dismissed as frivolous when prisoner suffered no injury); *Oliver v. Collins*, 904 F.2d 278, 281 (5th Cir. 1990) (claims properly dismissed when plaintiff alleged insufficient causal connection between defendants' conduct and the claimed assault,

and when plaintiff did not allege constitutional harm); *Auster Oil & Gas, Inc. v. Stream*, 835 F.2d 597, 602 (5th Cir. 1988) (citing *Stachura*, 477 U.S. at 307) (§ 1983 is designed to compensate persons for actual injuries caused by deprivation of constitutional rights); *Jefferson v. City of Hazelhurst*, 936 F. Supp. 382, 386 (S.D. Miss. 1995) (To state a claim under § 1983, plaintiff must plead "a direct causal connection . . . without intervening factors, between the deprivation and some injury to plaintiff."). McClebb has not alleged any such health issues.

McClebb does not allege any constitutional violation arising from his recreational opportunities at OPP. He identified no particular injuries suffered as a result of lack of exercise. He does not allege that he was deprived of recreation for any significant time period or that he suffered any physical injury or violation of his constitutional rights of any kind as a result of the alleged limitations on exercise at OPP. *See Hernandez*, 522 F.3d at 560 (Inmate who alleged that he was deprived of outdoor and out-of-cell exercise for thirteen months while in lockdown and that he suffered muscle atrophy, stiffness, loss of range of motion, and depression failed to show either that he was placed at substantial risk of serious harm or that he suffered a serious illness or injury sufficient to constitute an Eighth Amendment violation.); *Ordaz*, 1994 WL 144882, at *4 (Plaintiff failed to state a constitutional violation resulting from denial of recreation when he failed to allege health impairment or physical injury.)

McClebb fails to state a cognizable § 1983 claim. This claim must also be dismissed as frivolous and/or for failure to state a claim pursuant to § 1915, § 1915(e), § 1915A, and § 1997e.

### D. No Physical Injury Alleged

Most significantly, as mentioned throughout this report, McClebb has not alleged that any of the conditions described at HOD have caused him a physical injury as required to recover

12

monetary relief under § 1983. For this reason, McClebb's has failed to state a claim for which relief can be granted.

Under 42 U.S.C. § 1997e(e), an inmate cannot recover for "mental and emotional injury suffered while in custody without a prior showing of physical injury." The United States Fifth Circuit Court of Appeals, in interpreting this provision, has held that the phrase "physical injury" in § 1997e(e) means an injury that is more than *de minimis*, but it need not be significant. *Alexander v. Tippah County, Miss.*, 351 F.3d 626 (5th Cir. 2003) (quoting *Harper*, 174 F.3d at 719 (quoting *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997) (where the Fifth Circuit first set forth its § 1997e(e) definition of physical injury)); *Jones v. Greninger*, 188 F.3d 322, 326 (5th Cir.1999).

In this case, McClebb has failed to allege any physical injury or illness to support a recovery under § 1983. As a result, McClebb's claims against Sheriff Gusman, and the OPP Staff, should be dismissed with prejudice for failure to state a claim for which relief can be granted pursuant to § 1915(e), § 1915A, and § 1997e.

## IV. Recommendation

It is therefore **RECOMMENDED** that David McClebb's claims against Sheriff Gusman and the OPP Staff brought under 42 U.S.C. § 1983 be **DISMISSED WITH PREJUDICE** as frivolous and otherwise for failure to state a claim for which relief can be granted pursuant to 28 U.S.C. §§ 1915(e), 1915A, and 42 U.S.C. § 1997e.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district

court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Assoc.*, 79 F.3d 1415, 1430 (5th Cir. 1996).[5]

New Orleans, Louisiana, this 4th day of April, 2012.

KAREN WELLS ROBY
UNITED STATES MAGISTRATE JUDGE

---

[5]*Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.